UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **JOSEPH MICHAEL HUNT,**<br><br>    Plaintiff,<br><br>vs.<br><br>**ALANIS NADINE MORISSETTE and EPIPHANY PRODUCTIONS INC.,**<br><br>    Defendants. | 2-24-CV-12947-TGB-APP<br><br>HON. TERRENCE G. BERG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND COSTS**<br>**(ECF NO. 20)** |

Plaintiff Alanis Morissette and Epiphany Productions, Inc. (collectively, "Defendants") successfully moved this Court to dismiss the claims against them by Joseph Michael Hunt ("Plaintiff") with prejudice. See ECF No. 15 (Order Granting Defendants' Motion to Dismiss). Now, Defendants move to recover $32,846.10 in costs and attorneys' fees from Plaintiff. ECF No. 20, PageID.226. The Court will **GRANT IN PART** and **DENY IN PART** Defendants' Motion for an Award of Attorney's Fees, and award Defendants a total of $3,284.61.

## I. BACKGROUND

Plaintiff sued Defendants, asserting that he, not Defendant Morissette, wrote the famous album Jagged Little Pill. See ECF No. 15, PageID.191-92. The Court found that Plaintiff's Complaint was "totally implausible." *Id.* at PageID.191. Plaintiff "did not plead factual content allowing the [C]ourt to draw the reasonable inference that he wrote

[Jagged Little Pill].” *Id.* at PageID.197. Plaintiff also made bizarre claims that Defendant Morissette caused the COVID-19 pandemic with a "curse", and was involved in an election interference conspiracy. *Id.* And even if Plaintiff's claims were plausible, the Court found that Plaintiff could not recover: the copyright statute of limitations had passed, and laches barred Plaintiff's claims. *Id.* at PageID.195-96. As such, on April 17, 2025, the Court dismissed Plaintiff's lawsuit with prejudice. ECF No. 15, PageID.197; ECF No. 16 (Judgment).

On May 16, 2025, Defendants filed the instant Motion for an Award of Attorney's Fees. ECF No. 20. They attempt to recover a combined $32,846.10 in costs and attorneys' fees. *Id.* at PageID.226.

## II. STANDARD

The Copyright Act provides that "[i]n any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof." 17 U.S.C. § 505. Additionally, "the court may also award a reasonable attorney's fee to the prevailing party as part of the costs." *Id.*

In exercising this discretion, courts in the Sixth Circuit must consider the "frivolousness of the claim, [the] motivation [of the plaintiff in bringing the case], [the] reasonableness [of the claim], and deterrence." *Thoroughbred Software Int'l, Inc. v. Dice Corp.*, 488 F.3d 352, 361 (6th Cir. 2007) (*quoting Coles v. Wonder*, 283 F.3d 798, 804 (6th Cir. 2002), *see id.* at 803); *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n. 19 (1994). These

2

factors are non-exclusive. *Thoroughbred Software Int'l, Inc.*, 488 F.3d at 361. Additionally, courts look at whether the losing party in a Copyright Act lawsuit filed their complaint *pro se. See Whitehead v. Paramount Pictures Corp.*, 53 F. Supp. 2d 38, 55 (D.D.C. 1999).

## III. ANALYSIS

Applying these factors, the Court concludes that Defendants are entitled to attorney's fees, but only a small percentage thereof. Most of the factors favor a fee award. Plaintiff's claims against Defendants were indeed frivolous and unreasonable. See ECF No. 15. PageID.197 (describing why Plaintiff's claims were so implausible as to merit dismissal with prejudice without permission to amend). The factor examining Plaintiff's motivation in bringing the claim also favors a fee award. Defendants point out that Plaintiff sought to recover $33,000,000 from Defendants, and argue that Plaintiff was motivated by profit in bringing his lawsuit. ECF No. 20, PageID.218. The Court agrees that Plaintiff's aim was monetary.

However, the deterrence factor and the fact that Plaintiff was a *pro se* litigant are determinative in this Court only awarding 10% of the requested fees and costs. *See Whitehead*, 53 F. Supp. 2d at 55. Any reasonable person reading a Complaint in which Plaintiff alleges that Alanis Morissette caused the COVID-19 pandemic with a "curse" would be on notice that its author has some difficulty understanding what remedies the law can provide. The Court need not say more, but this

3

should have been apparent to Plaintiff's counsel, too. In light of the obvious difficulty that Plaintiff experienced in drafting his Complaint, levying a $32,846.10 judgment on Plaintiff would not have a deterrent effect on others. Courts and litigants will unfortunately have to respond to frivolous complaints like this one no matter what penalties are imposed on their filers. The Court exercises its discretion to **DENY** Defendants' Motion, insofar as it seeks recovery of the full amount of their costs and fees. Here, it would not serve the purposes of the Copyright Act to so harshly punish someone laboring under difficulties.

However, Defendants are entitled to recover some of their fees and costs from Plaintiff. The Court's review of the docket shows that Plaintiff has already paid $1010 in filing fees in this lawsuit, as of May 19, 2025. Plaintiff did file a frivolous, unreasonable Complaint, in which he sought to recover $33,000,000 from Defendants. Defendants had to expend tens of thousands of dollars in defending themselves from Plaintiff's claims. The Copyright Act's fee-shifting provision seeks to avoid the injustice that results if frivolous complainants can harass innocent parties. If Plaintiff were not *pro se*, and not suffering from difficulties in understanding, Defendants would be likely to recover all the fees and costs they incurred. Given the unique circumstances here, the Court determines that an award of 10% of the costs and fees incurred—$3,284.61—promotes the purposes of the Copyright Act. It compensates Defendants for responding to a frivolous Complaint, but does not go

4

overboard in seeking to deter a litigant who may not be behaving rationally.

At the same time, if Plaintiff files future frivolous complaints, the Court may consider sanctions and will be likely award the other side fees in their full measure to deter Plaintiff from such activity. A plaintiff may not harass innocent parties with multimillion-dollar lawsuits. See *Whitehead*, 53 F. Supp. 2d at 55. If he does, he can expect to be saddled with all of the other side's legal fees—as the Court could have done in this case. *Cf. Sandy v. Paramount Pictures Corp.*, No. 2:24-CV-04403-RGK-RAO, 2025 WL 659214, at *4 (C.D. Cal. Feb. 14, 2025) (awarding $90,784 in attorney's fees against a plaintiff who filed a frivolous complaint, and noting that the plaintiff's inability to pay that amount did not prevent such a large award from being appropriate). But the Court will award the stated amount: $3,284.61. Defendants' Motion is partially **GRANTED**, and Plaintiff is **ORDERED** to pay Defendants $3,284.61 under 17 U.S.C. § 505.

**SO ORDERED.**

Dated: May 30, 2025            /s/Terrence G. Berg
                               HON. TERRENCE G. BERG
                               UNITED STATES DISTRICT JUDGE