UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **JOSEPH MICHAEL HUNT,**<br><br>             Plaintiff,<br><br>      vs.<br><br>**ALANIS NADINE MORISSETTE and EPIPHANY PRODUCTIONS INC.,**<br><br>             Defendants. | **2-24-CV-12947-TGB-APP**<br><br>HON. TERRENCE G. BERG<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>**(ECF NO. 24)** |

The Court construes ECF No. 24 as Plaintiff Joseph Michael Hunt's moving the Court to reconsider its Order at ECF No. 23. There, the Court granted in part and denied in part Defendants' Motion for Attorneys' Fees and Costs, ECF No. 20, and ordered Plaintiff to pay Defendants 10% of their costs incurred: $3,284.61. ECF No. 23, PageID.268.

Plaintiff argues that the Court erred in two ways. First, Plaintiff argues that Defendants' attorneys committed "Fraud Upon The Court" either by (a) allowing attorneys not licensed in the State of Michigan to participate in this lawsuit, or (b) by allowing Stephen D. Rothschild to write a Declaration detailing the attorneys' fees Defendants expended, which Declaration was filed by Defendants' attorney of record, Brian Wassom. ECF No. 24, PageID.274-76.

As a preliminary matter, the Court notes that Plaintiff appears to base this argument on questions that he posed to an artificial intelligence ("AI") program, and the answers that program provided. ECF No. 24-1,

PageID.280-82. AI programs "are based on complex mathematical systems that learn their skills by analyzing enormous amounts of digital data. They do not — and cannot — decide what is true and what is false. Indeed, at times, they just make stuff up—a phenomenon some A.I. researchers call hallucinations." Cade Metz & Karen Weise, *A.I. Is Getting More Powerful, but Its Hallucinations Are Getting Worse*, N.Y. Times (May 6, 2025), https://www.nytimes.com/2025/05/05/technology/ai-hallucinations-chatgpt-google.html. As such, some courts have rejected the use of such AI programs in legal pleadings "out of hand". *J.G. v. New York City Dep't of Educ.*, 719 F. Supp. 3d 293, 308 (S.D.N.Y. 2024). Because AI-generated material is unlikely to be helpful to Plaintiff, the Court directs that in the event Plaintiff should file any additional pleadings, he should not include or rely upon AI-generated material.

Plaintiff also argues that Rothschild's participation in this case constituted unauthorized practice of law. This is incorrect. ECF No. 24, PageID.274-76. If Rothschild assisted in drafting Defendants' pleadings, then he did so through local counsel, Wassom. When out-of-state counsel assist with legal research and drafting, and make no court appearance, but rather work with local counsel, this "does not constitute the unauthorized practice of law." *State Treasurer v. Jackson*, 448 Mich. 916, 919 (1995) (Michigan local counsel, Illinois out-of-state counsel). If

Rothschild consulted with Defendants in this action, that is explicitly permitted by the Local Rules of the Eastern District of Michigan:

> [A]n actively-licensed attorney who is not under suspension or disbarment in this or another federal or state court may . . . counsel a client in an action or proceeding pending in this court.

E.D. Mich. L.R. 83.20(i)(1)(D)(iii) ("Unauthorized Practice").

Moreover, the Michigan Rules of Professional Conduct state that:

> A lawyer admitted in another jurisdiction of the United States and not disbarred or suspended from practice in any jurisdiction may provide temporary legal services in this jurisdiction that . . . are undertaken in association with a lawyer who is admitted to practice in this jurisdiction and who actively participates in the matter.

Mich. Prof'l. Conduct. R. 5.5(c)(1).

That is what Rothschild and Wassom did here. Plaintiff also cites Rule 8.126 of the Michigan Court Rules, which require more in terms of out-of-state attorney registration. ECF No. 24-2, PageID.283. But the Michigan Court rules do not apply here in federal court. "The administrative rules of subchapter 8.100 apply to all courts established by the constitution and laws of Michigan, unless a rule otherwise provides." Mich. Ct. R. 8.101.

Because Rothschild's participation in this case did not violate the Local Rules of the Eastern District of Michigan or the Michigan Rules of Professional Conduct, it did not constitute the unauthorized practice of law, and the Court's award of attorneys' fees was not in error. Plaintiff's

reliance on AI instead of an attorney caused him to advance a frivolous argument.

Plaintiff also correctly points out that the Court issued its attorney's fees ruling on May 30, 2025, before Plaintiff had filed his response to the motion for fees. ECF No. 24, PageID.276. That response was filed the same day, on May 30, 2025. *Id.* Under the Court's rules, E.D. Mich. L.R. 7.1(e)(1)(A), the Court should have waited until the day after May 30, 2025 before issuing its decision, so that Plaintiff could have had the entire fourteen days following Defendant's Motion to respond.

Although Plaintiff is correct that the Court should have waited, that mistake does not change the Court's ruling on attorneys' fees. The Court has carefully considered all of the arguments raised in Plaintiff's Response filed May 30, 2025. None of those arguments persuade the Court that it should have issued a different Order regarding the Motion for Attorneys' Fees, or that the Order should be amended. And even though Plaintiff is correct that he should have been allowed the full 14 days to respond, the Court has the discretion to decide non-dispositive motions before receiving a response. "When a non-dispositive motion is filed and adequately advises the court on the issue, the court need not wait for a party's response to that motion." *Smith v. Fender*, No. 1:21-CV-934, 2022 WL 18672973, at *2 (N.D. Ohio Apr. 21, 2022), *report and recommendation adopted*, No. 1:21-CV-00934, 2023 WL 354826 (N.D. Ohio Jan. 23, 2023). Defendants' non-dispositive Motion for Attorneys'

fees adequately advised the Court on the issue of the fees to which they were entitled. Therefore, the Court did not need to wait for Plaintiff's response to be able to rule on the Motion.

Because Plaintiff's Response at ECF No. 24 requests that the Court amend an existing Order, the Court construes it as a Motion for Reconsideration. That Motion is **DENIED**. Moreover, because the Court's Order Granting Defendants' Attorneys' Fees is still in force, the Court **ORDERS** that Plaintiff must pay Defendants $3,284.61.

**SO ORDERED.**

Dated: June 11, 2025             /s/Terrence G. Berg
                                 HON. TERRENCE G. BERG
                                 UNITED STATES DISTRICT JUDGE